


October 13, 2022

Judge George C. Hanks, Jr.
United States District Court
515 Rusk
Houston, Texas 77002

*By electronic filing*

Re: No. 4:22-cv-3223, *Bullock v. Board of Regents of Texas Southern University*
Rule 12(b)(6) pre-filing letter

Dear Judge Hanks:

The Defendants write to seek leave to move to dismiss this case for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. I have conferred with counsel for the plaintiff, Joan Bullock, who informed me that they oppose our request.

**A. Background.**

Joan Bullock is the former dean of TSU's Thurgood Marshall School of Law. She was let go after Thurgood's faculty voted that they had no confidence in her leadership, more than two-thirds of polled law-school students answered "no" when asked if they were pleased with her efforts to facilitate their education, and the school's bar-passage rate declined

Three months later—well into the fall semester—she sued TSU's Board of Regents; eight of the nine current regents (including former judges Caroline Baker Hurley and Marc Carter); and three of TSU's officers, the president, interim provost, and a human-resources official . Dkt. 1 ¶¶ 3.2, 3.6–3.10. She alleges a breach of contract, a violation of her right to due process, and a violation of her freedom of speech, *id*. ¶¶ 5.1–5.19, and that the individual defendants are liable in both their official and individual capacities, *id*. ¶ 6.5 fn.2. She asserts that she is suffering irreparable damage to her reputation and has requested a TRO and a preliminary injunction that would immediately reinstate her to Thurgood's faculty. Dkt. 4 at § II.3. She has also filed sex-discrimination claim against TSU that remains pending before EEOC. Dkt. 1 at 2 fn.1.

**B. Basis for motions.**

    **1. Sovereign immunity.**

TSU is a State agency and therefore immune from all of Bullock's claims. This immunity extends to each of the individual defendants in their official capacities, as "official capacity" defendants are simply agents of the immune State agency. *See, e.g., Doe v. Harrell*, 841 Fed Appx. 663, 668–69 (5th Cir. 2021). Texas has not consented to be sued by Bullock for either her § 1983 claims or her breach-of-contract claim; the Board and the individual Defendants in their official capacities are immune from all of Bullock's claims.

    **2. Lack of standing.**

Bullock has also not alleged facts demonstrating that she has standing to sue many of the individual defendants. A plaintiff lacks standing, and the Court lacks subject-matter jurisdiction, unless the plaintiff alleges facts demonstrating that the alleged injury can be traced to the defendant and could be remedied by a judgment rendered against the defendant. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Bullock has not alleged how her injury is traceable to the Board of Regents, the individual regents, TSU's President, or the human-resources officer. Nor has she alleged how a judgment rendered against those persons will remedy her claimed injury. She identifies none of these individuals as having acted against her or being connected to actions taken against her, and she alleges nothing showing that any of them have the power to grant her the relief she desires. *See Owens v. Bd. of Regents of Tex. S. Univ.*, 953 F. Supp. 781, 791–2 (S.D. Tex. 1996) (Atlas, J.) (dismissing claims against individuals unconnected to relief defendant sought).

    **3. Qualified immunity.**

Bullock has not alleged facts that would overcome the individual Defendants' qualified immunity. Individual-capacity liability requires that an official be personally involved in an act that deprived the plaintiff of a constitutional right or have a causal connection between the act and the deprivation. It is not enough that a defendant is simply in a position of authority. *See Hamad v. Gary DeShazo & Assocs.*, 95 F.3d 1149 (5th Cir. 1996) (citing *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). But that is all Bullock alleges; she does not allege whether or how each Individual Defendant was personally involved in depriving her of a right. That lack of pleading specificity is fatal to Bullock's ability to rebut qualified immunity, which she is required to do at the pleading stage because qualified immunity is an entitlement to be free from the burdens of litigation, namely discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). *See also Hobbs v. Warren*, 838 Fed. Appx. 881, 883

(5th Cir. 2021) ("one of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive").

### 4. Failure to state a legally cognizable claim.

There are several bases for dismissing Bullock's complaint for failing to state a claim upon which relief can be granted.

First, Bullock's complaint is a shotgun pleading, repeatedly and indiscriminately referring to actions of "Defendants" without distinguishing which of the 14 total and 13 individual Defendants she means. For example, Bullock alleges that undifferentiated "Defendants" "denied [her] due process," "deprived [her] of a property interest and a liberty interest," "tendered an offer of employment," and "breached their contract with [her]." Dkt. 1 ¶¶ 5.4, 5.10, 5.14. These general statements do not state a claim upon which relief can be granted because they do not identify an alleged wrongdoer.

Second, most of the Defendants—including at least seven of the eight Regents and the Senior Associate Vice President for Human Resources—are not "necessary parties" to Bullock's requested prospective relief; they should be dismissed. *See Owens*, 953 F. Supp. at 791–92.

Third, Bullock's retaliation allegations do not state a cognizable claim for two reasons. For one, Bullock's alleges conclusions, not facts. Her statement that she was terminated because she "reported matters of public concern, including matters which potentially impact the Law School's ability to remain accredited, including to the Provost and President of TSU," Dkt. 1 ¶¶ 4.29, 5.17–5.18, does not allege a fact regarding her reporting but her conclusion about it; it therefore does not state a claim upon which relief can be granted. But more, Bullock's allegations do not permit an inference that she was speaking "as a citizen" rather than "pursuant to [her] public duties," which is a necessary element of her claim. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). Indeed, as Bullock admits, keeping Thurgood accredited was a key responsibility of hers as Thurgood's dean. *See* Dkt. 1 ¶¶ 4.19.

### C. Conclusion.

The Defendants believe that they are entitled to dismissal of Bullock's claims for lack of jurisdiction and failure to state a claim upon which relief can be granted. They respectfully request permission to file a motion seeking such a dismissal.

Judge George C. Hanks
*Bullock v. Texas Southern Univ.* pre-filing letter
October 13, 2022
Page 4 of 4

    I am available at the Court's convenience to confer about this motion and happy to work with Bullock's counsel to inform the Court when both sides' counsel are available.

                                        Sincerely,

                                        Leif A. Olson
                                        Special Counsel
                                        leif.olson@oag.texas.gov

cc: counsel of record (by electronic filing)