United States District Court
Southern District of Texas
Houston Division

| | |
|---|---|
| Joan R.M. Bullock,<br>    Plaintiff,<br>v.<br>The Board of Regents of Texas<br>Southern University, *et al.*,<br>    Defendants. | Case 4:22-cv-3223 |

## Defendant Texas Southern University's
## Motion to Dismiss Second Amended Complaint

Texas Southern University ("TSU") files this Motion to Dismiss Plaintiff Joan R.M. Bullock's Title VII claim against it, which was first asserted in her Second Amended Complaint (Dkt. #51). As previously explained in the pending Motion to Dismiss Plaintiff's Section 1983 claims (Dkt. #57), Bullock was not awarded tenure at TSU. Accordingly, Bullock is not similarly situated to the other tenured deans to whom she compares herself. As a result, Bullock fails to state a claim for gender discrimination, and her Title VII claim against TSU should be dismissed.

# Table of Contents

Background ............................................................................................................. 2

Summary of the Argument ..................................................................................... 3

Legal Standard ....................................................................................................... 4

Argument and Authority ......................................................................................... 5

    1.    Bullock fails to state a Title VII gender discrimination claim by failing to allege a similarly situated comparator. .......................................................... 5

    2.    Material differences with the different time periods and different supervisors mean Bullock is not "similarly situtated" with her purported male dean comparators. ................................................................................ 10

PRAYER ................................................................................................................ 12

Certificate of Service ............................................................................................. 13

# Background

On June 13, 2019, TSU's Board of Regents approved Bullock's hiring and appointment as dean of the Thurgood Marshall School of Law ("Thurgood"). The Board did not, however, award her tenure when it did so. *See* Dkt. #57-1, at 2 (TSU Board of Regents Agenda showing the action item is her appointment as Dean, not approval of tenure). Under the Board's policies and the Faculty Manual it promulgated, only the Board can confer tenure upon a professor. *See id.* at 17-18 (TSU Faculty Manual, at § 4.9).

Unsatisfied with Bullock's performance as dean, TSU afforded Bullock the opportunity to resign. Dkt. #51 ¶¶ 4.28–4.29. Bullock refused, and she was terminated on June 15, 2022. *Id.* at ¶ 4.31. Three months later, Bullock sued. Dkt. #1.

Bullock indiscriminately asserts two claims under § 1983 against all defendants except TSU—including TSU's Board of Regents, every non-student Regent, and three university officials–the vice president for human resources, the interim provost, and the president. Dkt. #51 ¶¶ 3.2, 3.8–3.12. Her due-process claim is that the individual defendants, acting under color of law, violated her fundamental rights and her right to due process by depriving her of her property interest in continued employment. *Id*. at ¶¶ 5.1–5.10. Her First Amendment retaliation claim is that she was fired because she made protected speech on matters of public concern. *Id*. at ¶¶ 5.11–5.16.

Bullock also accuses TSU of disparate treatment on account of her gender. *Id*. at ¶¶ 5.17–5.23. She alleges she was "terminated from TSU outright and not allowed to retain her tenured professorship." *Id*. ¶ 5.21. She compares herself to <u>tenured</u> male deans who stepped down from the deanship and were allowed to remain at TSU in the position of professor. *Id*.

Because the tenured male deans were not similarly situated to the untenured Bullock, she fails to state a viable claim for gender discrimination.

## Summary of the Argument

Bullock does not state a viable Title VII gender discrimination claim because she identifies no similarly situated male comparators. Instead, she identifies prior deans who had tenure awarded by TSU's Board of Regents.

Bullock never had tenure awarded by the Board of Regents. Bullock fails to allege an adequate comparator, and, thus, her claim fails.

### Legal Standard

A complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts deciding whether a complaint meets that standard generally must accept the factual allegations in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).

In determining whether a plaintiff has stated a claim, the Court may consider (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Judicial notice may be taken of matters of public record. *Id.* When a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents. *See id.* "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000)).

A complaint meets the minimum standard to avoid dismissal if it contains sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face," though this can be "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Id.* (internal citations omitted). "Facial plausibility" means that the pleaded facts allow a reasonable inference that the defendant is liable for the misconduct alleged. *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor does a claim brought under an invalid legal theory. *Montoya*, 614 F.3d at 148 (citing *Iqbal*, 556 U.S. at 678).

## Argument and Authority

1. **Bullock fails to state a Title VII gender discrimination claim by failing to allege a similarly situated comparator.**

Rather than pleading the elements of a gender discrimination claim, Bullock repeatedly makes conclusory boilerplate assertions that TSU discriminated against her on the basis of gender. Further, Plaintiff fails to plead an essential element of a Title VII claim—a similarly situated comparator—such that her Title VII claims fails as a matter of law and should be dismissed.

"To establish a *prima facie* case [of gender discrimination], [the plaintiff] must provide evidence 'that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably.'" *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (quoting *Okoye v. Univ. of Tex. Houston Health Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001)) (footnote and quotation marks omitted).

Conclusory assertions of discrimination are insufficient to save a claim from dismissal at the pleading stage. *Hendrix v. iQor Inc.*, No. 3:20-CV-0437-N-BT, 2021 WL 3040776, at *5 (N.D. Tex. June 7, 2021), *report and recommendation adopted*, No. 3:20-CV-00437-N-BT, 2021 WL 3036949 (N.D. Tex. July 19, 2021) (finding that plaintiff's allegations are "too conclusory for the Court to reasonably infer that she was treated differently than other similarly situated employees because of her race."); *see, e.g., Gentry v. Jackson State Univ.*, 161 F. Supp. 3d 418, 421-22 (S.D. Miss. 2015) (finding that plaintiff failed to allege sufficient facts to reasonably infer that female plaintiff was paid less than male employees for work with substantially the same responsibilities).

"A Title VII plaintiff may make out a prima-facie case of discrimination using either direct or circumstantial evidence." *Herster v. Bd. of Supervisors*

*of Louisiana State Univ.*, 887 F.3d 177, 184 (5th Cir. 2018) (quoting *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 475 (5th Cir. 2015)) (citing *Portis v. First Nat'l Bank*, 34 F.3d 325, 328 (5th Cir. 1994)). Absent direct evidence, a plaintiff must allege an inference of discriminatory intent based on gender. *See Herster*, 887 F.3d at 186. "To raise an inference of discrimination, the plaintiff may compare his treatment to that of nearly identical, similarly situated individuals." *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir.1995)). "To establish disparate treatment, [the plaintiff] must show that [the defendant] gave preferential treatment to another employee under 'nearly identical' circumstances." *Id*. quoting *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir.2001).

Plaintiff has not alleged a comparator that would meet the Fifth Circuit's "stringent standard" which requires that such comparators were treated more favorably in "nearly identical" circumstances. *See Wright v. Chevron Phillips Chem. Co., L.P.*, 734 F. App'x 931, 934 (5th Cir. 2018); *see also Heggemeier v. Caldwell Cnty., Texas*, 826 F.3d 861, 868 (5th Cir. 2016) (affirming the district court's finding that the plaintiff and comparator were not similarly situated because the comparator was employed for twenty years prior to termination whereas plaintiff had only been employed for three years); *see also Lindsley v. TRT Holdings Inc*, No. 3:17-CV-02942-X, 2022 WL

824834, at *3 (N.D. Tex. Mar. 18, 2022) (finding that "positions requiring different qualifications, even if superficially comparable, are not similarly situated for the purposes of Title VII."); *Lopez v. Kempthorne*, 684 F.Supp.2d 827, 856 (S.D. Tex. 2010), *citing Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005); *see also Hockman v. Westward Comm.*, LLC, 282 F.Supp.2d 512, 527–28 (E.D. Tex. 2003) ("The 'nearly identical' standard […] is a stringent standard.").

Here, Bullock alleges that she was "treated differently from similarly situated male employees, i.e., other male Deans at TSU, including, but not limited to, every former male Dean of the Law School." *See* Dkt. 51, ¶ 5.20. Plaintiff further alleges that she "was terminated from TSU outright and not allowed to retain her tenured professorship" while "several male Deans who performed objectively worse were not terminated from TSU," and "were allowed to resign from the Dean position, and were allowed to remain at TSU in the position of professor." *Id*. at 5.21. Notably, Bullock alleges that three former male deans, McKen Carrington, James Douglas, and Dannye Holley—upon whom formal tenure was conferred by TSU—were allowed to resign or terminated from their position as Dean and allowed to their faculty positions. *Id*. at ¶¶ 4.49-4.52.

These three former male deans were not in "nearly identical circumstances" as Bullock. Like her predecessors (all of whom were

removed as Thurgood's dean either voluntarily or involuntarily), Bullock served at the pleasure of the administration in an at-will capacity. Unlike her predecessors, however, Bullock did not have tenure. Bullock was not actually tenured at TSU whereas the three former male deans had gone through the formal tenure process that is outlined in the TSU faculty manual. *See* Dkt. #57-1, at 17 (TSU Faculty Manual, at § 4.9). The tenure process is "not automatic and can be conferred only by the Board of Regents . . . [i]n virtually every case, the award of tenure is granted in the sixth year of probationary services and becomes effective at the beginning of the next year." *Id*. The former male deans all went through this process—Bullock did not.

There is no allegation that the TSU Board of Regents heard an action item on awarding Bullock tenure. A formal request for Bullock's tenure appointment was never drafted or placed as an action item, and thus unlike other professors, Bullock was not awarded tenure. *See* Dkt. #57-1, at 19 (Appointment of Dr. Kendall T. Harris without tenure); *see also id*. at 20 (tenure awarded).

Moreover, Bullock knew that formal tenure had not been conferred upon her because she had gone through the tenure process at three prior law schools, The University of Toledo College of Law, Florida A & M College of Law, and Thomas Jefferson School of Law. Dkt. 51, at ¶ 4.1. Therefore, because the three former deans had formal tenured conferred upon them and

Bullock did not, the former deans were not in "nearly identical circumstances" as Bullock and *not* comparators under Title VII.

### 2. Material differences with the different time periods and different supervisors mean Bullock is not "similarly situated" with her purported male dean comparators.

Simply alleging that an individual was a "dean" or "former dean" fails the "similarly situated" test. *Tansey v. Texas A & M Int'l Univ.*, No. CIV.A. L-06-83, 2009 WL 801768, at *6 (S.D. Tex. Mar. 24, 2009) (finding that "[t]he fact that two people once held the same title does not necessarily make them 'similarly situated' with respect to background and qualifications.").

In *Tansey*, the white plaintiff was hired as Associate Professor of Marketing and acted as interim chair of the Department of Management, Marketing, and International Business ("MMIB") and alleged that he was similarly situated to an Iranian male who was hired as Professor of International Business, Director of the Ph.D. Program in International Business and Acting Chair of the "MMIB." *Id.* at *1, 5. The Court found that that the Iranian professor was not similarly situated to plaintiff. *Id.* at *6. The Court held that plaintiff failed to establish a prima facie Title VII claim because holding the same title, chair of MMIB, was inadequate to meet the "similarly situated" standard. *Id.*

Given the importance of identifying a "nearly identical" comparator, the Fifth Circuit has defined the standard in great detail:

> The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. On the other hand, employees with different supervisors, who work for different divisions of a company or . . . who have different work responsibilities . . . are not similarly situated. Significantly, if a difference between the plaintiff and the proposed comparator *accounts for* the difference in treatment received from the employer, the employees are not similarly situated for the purposes of an employment discrimination analysis.

*Heggemeier*, 826 F.3d at 868 (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259, 260 (5th Cir. 2009) (internal quotations omitted) (emphasis in original).

Here, Bullock served during different time periods and under different supervisors than the alleged comparators. Douglas served as Dean in 1984 while Holley served in 2016. Dkt. #51 at ¶¶ 4.50, 4.51. Carrington served as Dean from 2005-2009.[1] Bullock alleges she did not commence her role as Dean until July 2019. *Id.* at ¶ 1.1. In July 2019, the President was Austin Lane until September 2019 when President Lane was terminated. *Id.* at ¶ 4.15. Subsequently, Bullock served under President Young. *Id.* at ¶ 4.40. Bullock's

---

[1] Defendant requests that the Court take Judicial Notice of McKen Carrington's tenure as dean. https://www.tsulaw.edu/LLM/faculty/McKen_Carrington.html.

direct report was Provost Poats. *Id*. at ¶ 4.40. Since Bullock and the former deans had different supervisors and were hired under different circumstances, the former deans do not meet the stringent "nearly identical" standard for comparators.

Because Bullock fails to state a claim for gender discrimination under Title VII, dismissal is warranted.

## PRAYER

Defendant TSU respectfully requests that the Court dismiss Bullock's Title VII gender discrimination claim against it. TSU further requests all other relief to which it may be entitled.

Dated May 8, 2023.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney General

Shawn Cowles
Deputy Attorney General for Civil Litigation

Christopher D. Hilton
Chief, General Litigation Division

Respectfully submitted,

/s/ *Drew L. Harris*

**Drew L. Harris**
Assistant Attorney General
S.D. Tex. Bar No. 1114798
State Bar No. 24057887
drew.harris@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2120

**Counsel for Defendant TSU**

## Certificate of Service

I certify that on May 8, 2023, this motion was served on all counsel of record by electronic filing.

*/s/ Drew L. Harris*
DREW L. HARRIS